**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-19

UNITED STATES TAX COURT

ALVIN C. BERNSTINE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25944-10S.                    Filed February 25, 2013.

Alvin C. Bernstine, pro se.

Nathan H. Hall, for respondent.

SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are to the Tax Court

(continued...)

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined an $18,698 income tax deficiency and a $3,739.60 accuracy-related penalty for petitioner's 2008 tax year. The deficiency is attributable to the disallowance of deductions for various expenses petitioner reported on a Schedule C, Profit or Loss From Business, and a Schedule A, Itemized Deductions, both attached to his 2008 return. After concessions by the parties,[2] the issues for consideration by the Court are: (1) whether petitioner is entitled to certain deductions claimed on his Schedule C; (2) whether petitioner is entitled to deduct charitable contributions reported on his Schedule A; and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Petitioner resided in California at the time his petition was filed. Petitioner has served as a pastor for more than 35 years. In 2008 he moved from Brooklyn, New York, to the San Francisco Bay area to serve as the pastor of Bethlehem Missionary Baptist Church (Church) in Richmond, California. The Church provided

---

[1](...continued)
Rules of Practice and Procedure.

[2]Petitioner conceded the income items at trial, and respondent conceded that petitioner was entitled to a $9,246 charitable contribution deduction.

petitioner with an office on the Church campus but not living space. However, they did provide him with a $12,000-a-year home allowance. Petitioner rented a 1,200-square-foot house in which he dedicated one room, approximately one-third of the house, for use as an additional pastor's office. Petitioner purchased supplies, including computer software, computer accessories, books, pens, pencils, paper, and printer cartridges, for use in his home office. The Church did not reimburse petitioner for these supplies. Petitioner spent most of his professional time in his home office but met with parishioners only at the office the Church provided.

Additionally, petitioner used his automobile in connection with his service as a pastor in order to make hospital and sick visits and to organize community events in and around Richmond. Petitioner also traveled throughout California in connection with his position as vice president of the State church convention.

Petitioner was considered an independent contractor, and the Church issued him a Form 1099-MISC, Miscellaneous Income, for 2008. On the basis of the independent nature of his relationship with the Church, he reported his income and expenses on a Schedule C. Respondent issued a notice of deficiency that was based on petitioner's original 2008 income tax return (original return) and

disallowed all of the "other expenses" of $43,743, supplies expenses of $3,012, and "business use of home" expenses of $8,932.

Included in "other expenses" were bank charges, cell phone service charges, membership dues in clergy organizations, and costs for continuing education, parking, tolls, postage, clergy garments, and dry cleaning.

During the audit and pretrial portion of this case, petitioner, with the assistance of a tax professional, reconstructed his records and submitted an amended 2008 income tax return (amended return). The following table shows the deductions claimed on the original and amended Schedules C for 2008:

|  | Amount | |
| --- | --- | --- |
| Deduction | Original | Amended |
| Car and truck | $12,625 | $12,625 |
| Legal and professional | 2,400 | 2,400 |
| Office expense | 1,322 | 1,322 |
| Supplies | 3,012 | 2,107 |
| Travel | 4,623 | 8,138 |
| Meals and entertainment | 1,493 | 1,493 |
| Business use of home | 8,932 | 8,546 |

|  | Original | Amended |
| --- | --- | --- |
| Other expenses: | | |
| Business contributions | 15,000 | - 0 - |
| Laundry and cleaning | 300 | 300 |
| Miscellaneous | 808 | 1,251 |
| Parking and tolls | 100 | 209 |

| | | |
|---|---|---|
| Parsonage allowance | 24,000 | 12,000 |
| Postage | 50 | 50 |
| Telephone | 2,985 | 2,985 |
| Uniforms | 500 | 500 |
| Total other expenses | 43,743 | 17,295 |
| Total deductions | 78,150 | 53,926 |

Petitioner reported $89,070 as income on both the original and amended returns.

Petitioner reported net profit of $10,920 on his original return and $35,144 on his amended return.

## Discussion

This case concerns certain deductions claimed on Schedules C and A of petitioner's original and amended returns. On his amended return petitioner claimed a "business use of home" expense of $8,546, supplies expense of $2,107, and "other expenses" totaling $17,295 on Schedule C.

Petitioner's documentary evidence and the Schedule C he prepared using his records reflect the same amount for his home office, but reflect $1,752.93 for supplies and $14,036.32 for "other expenses". To the extent that the amounts petitioner asserted at trial are less than those on his amended return, we treat the differences as concessions by him. The "other expenses" reported on petitioner's Schedule C comprise the following categories and amounts:

| Category | Amount |
| --- | --- |
| Books | $57.25 |
| Bank fees | 58.00 |
| Cell phone | 2,222.29 |
| Cleaning | 50.10 |
| Dues | 480.00 |
| Education | 656.12 |
| Meals and entertainment | 1,470.58 |
| Parking | 209.14 |
| Supplies | 354.29 |
| Travel | 8,138.38 |
| Uniforms | 340.17 |
| Total | 14,036.32 |

With respect to the items in dispute, respondent determined that petitioner failed to substantiate or to show the business purpose of certain reported expenditures. Section 162(a) allows for deductions for ordinary and necessary business expenses as long as an expense is normal and customary within that particular business or industry. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). Taxpayers are required to maintain records sufficient to permit the verification of income and expenses. Sec. 6001. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to fully substantiate the precise amount of the deduction, the Court may estimate the amount of the deductible expense and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Such

estimates are to be made bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Id. at 544. For the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, under section 274(d), a taxpayer must satisfy strict substantiation requirements for certain kinds of expenses, such as those for travel, meals and entertainment, and "listed property" as defined in section 280F(d)(4), including cellular phones. To deduct these expenses the taxpayer must maintain adequate records and documentary evidence to prove the amounts, times, places, and purposes of the expenses. Sec. 274(d); sec. 1.274-5T(b) and (c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

I. Schedule C Deductions

A. Educational Expenses and Books

At trial petitioner claimed $656.12 for educational expenses, which includes tuition and books and an additional $57.25, which he reported in a separate category simply titled "books". He explained that the books and other expenditures were for the purpose of continuing his professional education. See sec. 1.162-5(a), Income Tax Regs. However, on the basis of petitioner's testimony

and records it is unclear whether the $57.25 simply reported as "books" was business related or personal. Accordingly, we hold that $656.12 of these expenditures is deductible as a business expense and that the $57.25 expense is a nondeductible personal expenditure.

B.  Supplies

At trial petitioner claimed $354.29 for supplies as part of "other expenses" and $1,752.93 as supplies in a separate category on the Schedule C he prepared. Of the $1,752.93 listed as supplies, $656.12 was for educational expenses and books that have already been addressed above, leaving $1,096.81 of the "supplies" category in dispute. The supplies petitioner claimed total $1,451.10 ($1,096.81 plus $354.29).

After considering petitioner's testimony and reviewing each of the items claimed we have concluded that one-third of the supplies were for business and the remaining two-thirds were personal. Accordingly, petitioner is entitled to deduct $484 for supplies. In reaching this conclusion we have estimated the amount, bearing heavily against petitioner because of the quality of his records.

C.  Bank Fees

At trial petitioner claimed $58 for bank fees. He maintained one bank account that was used for both personal and business purposes. On the basis of

the checks petitioner scheduled it appears that only about one-half of the expenditures were business related. Accordingly, petitioner is allowed $29 for bank fees.

### D. Uniform and Dry Cleaning

At trial petitioner claimed $340.17 for uniforms and $50.10 for dry cleaning. Petitioner must show that the clothing was required and that it was not suitable for general personal use. See Coppin v. Commissioner, T.C. Memo. 2009-221. There is no way for the Court to decide from the record whether the clothing purchased or dry cleaned was for specialized clergy uniforms. We accordingly hold that petitioner has not shown entitlement to these deductions.

### E. Dues

At trial petitioner claimed $480 in membership dues in connection with his profession. He was vice president of the State church convention and was involved in other professional organizations. We hold that such expenses are reasonable, ordinary, and necessary to petitioner's professional status and are therefore deductible.

### F. Cell Phone

At trial petitioner claimed $2,222.29 for cell phone use. As previously noted a cell phone is "listed property" and is subject to the strict substantiation

requirements of section 274(d). Sec. 280F(d)(4)(A)(v). The only evidence in support of petitioner's cell phone use was the payment of the cell phone bills. The numbers, persons called, and purpose of the calls were not included in the record. To be allowed to claim cell phone usage petitioner must establish the amount of business use and the amount of total use for the cell phone. See Trupp v. Commissioner, T.C. Memo. 2012-108; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). He has failed to meet that standard. Accordingly, the amount claimed for cell phone use is not deductible.

G. Travel and Meals and Entertainment

At trial petitioner claimed $8,138.38 for travel, $1,470.58 for meals and entertainment, and $209.14 for parking. As mentioned supra p. 7, travel and meals and entertainment expenses are subject to a more rigorous standard of proof and must be corroborated by adequate records with specific information, including the amounts, times, places, and purposes of the business travel. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Petitioner's records reflect the amounts expended for travel, meals and entertainment, and parking, but not the time, place, and business purpose of each expenditure. Although petitioner testified generally that these expenses were

incurred in connection with his profession, there is insufficient information to meet the requirements of section 274(d). We have no doubt that petitioner incurred travel and related expenses in connection with his profession; however, we are unable to find in his favor without more specific information. Accordingly, petitioner is not entitled to deduct the travel, meals and entertainment, or parking expenses.

H. <u>Business Use of Home</u>

At trial petitioner claimed $8,546 for business use of his home. Petitioner computed that amount by adding $360 for insurance, $21,600 for rent, and $3,680 for utilities and dividing the total by three.

Under the general rule of section 280A no deduction is allowed for use of a personal residence. However, section 280A(c) provides for an exception when an allocable portion of the residence is used exclusively on a regular basis as a principal place of business for a trade or business of the taxpayer. Although petitioner served the Church's congregation and was involved as a pastor in the community, he was not considered an employee of the Church. Petitioner lived in a 1,200-square-foot residence with one room dedicated exclusively for use related to his work as a pastor. The dedicated room equaled one-third of the total space in the

residence.  Petitioner spent most of his time in his home office and much less time at the office the Church provided, where he met with members of the congregation.

Section 280A(c) may also apply where a home office is used as a place of business to meet with customers in the normal course of a trade or business. Although petitioner met with members of his congregation at the office the Church provided, his home office was the focal point of his activity involving all other individuals with whom he was involved with in his trade or business.

Because petitioner's trade or business is not limited to serving the Church and because most of his business activity was conducted at his home office, we hold that he qualifies for the exception and is entitled to a home office deduction of $8,546.

## II. Charitable Contributions

On his original return petitioner deducted $7,000 for charitable contributions reported on his Schedule A.  On his amended return petitioner claimed a deduction of $11,147 for charitable contributions on his Schedule A.  At trial respondent conceded that petitioner was entitled to a $9,246 charitable contribution deduction for 2008.  Petitioner claimed that he could prove a larger deduction than the amount respondent conceded, but he failed to do so.

Accordingly, we hold that petitioner is not entitled to a charitable contribution deduction in excess of the $9,246 respondent conceded.

III.  Section 6662(a) Accuracy Related Penalty

Respondent determined that petitioner was liable for an accuracy-related penalty under section 6662(a) and (b)(1) and (2) for an underpayment due to a substantial understatement of Federal income tax and/or to negligence or disregard of rules and regulations.  Section 6662(a) imposes an accuracy-related penalty equal to 20% of an underpayment that is due to negligence or a substantial understatement of income tax.  Petitioner may avoid this penalty if the record shows that his income tax was not understated by more than the greater of 10% of the tax required to be shown on the return or $5,000.  See sec. 6662(d)(1)(A).  Additionally, the accuracy-related penalty of section 6662 is not applicable to any portion of an underpayment to the extent that an individual has reasonable cause for that portion and acts in good faith with respect thereto.  See sec. 6664(c)(1).  Such a determination is made by taking into account all facts and circumstances, including the experience and knowledge of the taxpayer and his or her reliance on a professional tax adviser.  See sec. 1.6664-4(b)(1), Income Tax Regs.

Negligence includes the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  Neely v. Commissioner,

85 T.C. 934, 947 (1985). "Disregard" includes any "careless, reckless, or intentional disregard" of rules or regulations. <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. Petitioner conceded that he failed to include $10,145 of income on his 2008 income tax return. Petitioner also failed to keep adequate records of his travel, meals and entertainment, cell phone usage, and other expenses deducted on his 2008 income tax return. He did not provide any explanation that could be considered reasonable cause. Accordingly, we hold that petitioner was negligent with respect to the underpayment even in the absence of a substantial understatement.

To reflect the foregoing and because of concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.